# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL |
|---|---|
| VERSUS | 14-50-SDD-RLB |
| RONRICO TERRELL, SR. | |

## PRELIMINARY ORDER OF FORFEITURE

**WHEREAS**, on May 15, 2014, an *Indictment*[1] was filed against Defendant, Ronrico Terrell, Sr., and others, in the United States District Court for the Middle District of Louisiana; and

**WHEREAS,** on October 2, 2014, a *Superseding Indictment*[2] was filed against Defendant, Ronrico Terrell, Sr., and others, in the United States District Court for the Middle District of Louisiana; and

**WHEREAS,** the *Indictment* and the *Superseding Indictment* both contained Forfeiture Allegations seeking forfeiture, pursuant to Title 21, United States Code, Section 853, and provided notice to Defendant Terrell that, upon conviction, the United States would seek to forfeit any and all property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the said violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations; and

**WHEREAS,** Defendant Terrell entered into a *Rule 11 Plea Agreement*[3] and, thereafter, pleaded guilty to the *Superseding Indictment* charging in Count One, conspiracy to distribute and to possess with the intent to distribute Five Hundred grams

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 82.
[3] Rec. Doc. 138.

of cocaine and Twenty-Eight (28) grams or more of cocaine base, also known as "crack" cocaine, in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2; and

**WHEREAS,** in his *Plea Agreement*, Defendant Terrell understood and agreed that the Court would, upon acceptance of the guilty plea, enter an *Order of Forfeiture* as part of his sentence and that the *Order of Forfeiture* may include: assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property used to transport, sell, possess or conceal any controlled substance; all monies or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such exchange; and all monies used or intended to be used to facilitate any violation of the Controlled Substances Act, and Defendant Terrell specifically understood that the Court would order a forfeiture money judgment equaling the value of the drugs from the commission of the offenses based on the Court's determination of relevant conduct at sentencing; and

**WHEREAS,** Defendant Terrell further agreed in his *Plea Agreement* to waive all interest in any asset in any administrative or judicial forfeiture proceeding, whether criminal, civil, state, or federal, agreed to consent to the entry of orders of forfeiture and waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, acknowledged that all property covered by this agreement was subject to forfeiture either as: (i) proceeds of illegal conduct, (ii) property facilitating illegal conduct, (iii) property involved in illegal conduct giving rise to forfeiture, or (iv) substitute assets

for property otherwise subject to forfeiture, and acknowledged that he understood that the forfeiture of assets was part of the sentence that may be imposed in this case and waived any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty pleas and the admission are accepted; and

**IT IS HEREBY ORDERED** that a forfeiture money judgment against Defendant Ronrico Terrell in favor of the United States of America is hereby entered.

**IT IS FURTHER ORDERED** that this forfeiture money judgment will be amended under Fed.R.Crim.P. 32.2(e)(1) when the amount of the money judgment has been determined by this Court at or before sentencing.

**IT IS FURTHER ORDERED** that, pursuant to Fed.R.Crim.P. 32.2, once this forfeiture money judgment is amended under Rule 32.2(e)(1), it shall become the *Final Order of Forfeiture* at the time of Defendant's sentencing and shall be made part of the sentence and included in the *Judgment*.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to enforce the *Preliminary Order of Forfeiture* and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

**IT IS FURTHER ORDERED** that, in accordance with the provisions of Rule 32.2, the Government is permitted to undertake whatever discovery necessary to identify, locate, or dispose of the property in satisfaction of the forfeiture money judgment.

Baton Rouge, Louisiana the 8 day of April, 2015.

_____
**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**