# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 14-50-SDD-RLB |
| RONRICO TERRELL, SR. | |

## RULING

This matter is before the Court on the *Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (c)(1)*[1] filed by Defendant, Ronrico Terrell, Sr. ("Defendant"). The Government filed a *Response in Opposition*[2] and a *Supplemental Response in Opposition*[3] to this motion. For the following reasons, Defendant's *Motion* will be DENIED.

### I. BACKGROUND

Defendant is currently 45 years old and is serving a 120-month sentence after pleading guilty to conspiracy to possess and distribute controlled substances and to possession of a firearm in furtherance of drug trafficking.[4] Defendant argues he is entitled to the requested relief because: (1) "in light of Movant's age"; (2) "the closeness of the January 17, 2021, two-thirds release date"; and (3) "considering his mother…who is now 62 years of age…[is] in need of Movant's care, attention and assistance on a

---

[1] Rec. Doc. No. 266.
[2] Rec. Doc. No. 268.
[3] Rec. Doc. No. 273.
[4] Rec. Doc. No. 266-1, p. 1.

daily basis."[5] Defendant also contends this motion is timely because the statutory exhaustion requirement of 18 USC § 3582(c) has been satisfied; specifically, Defendant states that, "[o]n September 8, 2020, [Defendant] delivered...Attachment 3," and "[t]he Bureau of Prisons...did not respond to the Movant's request within the lapse of 30 days from the receipt of such request by the Warden at Movant's facility."[6]

The United States opposes Defendant's *Motion* but does not challenge Defendant's claim that he has exhausted administrative remedies in this case. Nonetheless, the United States does dispute that the Defendant's age and "[t]he need to care for one's parent[] is not a basis for a reduction in sentence, and the defendant has not identified any other 'extraordinary' factors."[7] Further, the United States argues that, even if Defendant demonstrated an extraordinary reason for a sentence reduction, the Section 3553(a) sentencing factors "weigh heavily against defendant's early release."[8]

## II. LAW & ANALYSIS

Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal procedure"; and (3) where the defendant was sentenced based on a retroactively lowered sentencing range.[9] Here, Defendant moves to modify his sentence under 18

---

[5] *Id.* at p. 2.
[6] *Id.*
[7] *Id.* at p. 1.
[8] *Id.* at p. 12.
[9] *See generally* 18 U.S.C. § 3582; *See United States v. Hilon*, 2021 WL 4163567, at *1 (M.D. La. 9/23/2021).

U.S.C. § 3852(c)(1)(A). Under § 3582(C)(1)(A)(i), a court may reduce a prisoner's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[10] However, for a court to entertain such a motion, a defendant must first exhaust administrative remedies.[11]

### A. Exhaustion of Administrative Remedies

The exhaustion requirement is satisfied if "the defendant has fully exhausted all administrative rights to appeal a failure of a Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have elapsed "from the receipt of such request by the warden of the defendant's facility."[12] In this case, on September 8, 2020, Defendant sent the request as required by statute to Warden Dewayne Hendrix; no response was received.[13] On November 3, 2020, Defendant filed the instant *Motion*.[14] Although 30 days did not lapse between the alleged receipt of the request by the Warden and the filing date of this *Motion*, it has now been well beyond the 30 day requirement. Further, as noted above, the United States avers that it "will give the defendant the benefit of the doubt and assume that the defendant did in fact submit the aforementioned request to the BOP," and as such, "30 days have elapsed since the request by the warden, and the defendant has exhausted his administrative remedies as required by the statute."[15]

### B. Extraordinary and Compelling Reasons

Once the exhaustion requirement is satisfied, a defendant must demonstrate

---

[10] 18 U.S.C. 3582 (c)(1)(A)(i).
[11] *Hilon*, 2021 WL 4163567, at *1.
[12] 18 U.S.C. § 3582(c)(1)(A).
[13] Rec. Doc. No. 266-1, p. 2.
[14] Rec. Doc. No. 273, p. 1.
[15] Rec. Doc. No. 268, p. 4.

"extraordinary and compelling reasons [that] warrant [] a reduction" and "such a reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission."[16] In the Sentencing Commission's policy statements, the Commission identifies three specific reasons that are considered "extraordinary and compelling" along with a broader catchall provision, which are: (1) medical condition of the defendant; (2) the defendant is experiencing deteriorating physical or mental health because of the aging process; (3) family circumstances; and (4) other reasons as determined by the Director of the Bureau of prisons.[17] In *United States v. Shkambi*, the Fifth Circuit held that "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582;" however, the policy statement is relevant to inform a district court's analysis as to what reasons may be "extraordinary and compelling" to merit compassionate release.[18] Application note 1 to the Policy Statement provides as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). **A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required**. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,
   (II) suffering from a serious functional or cognitive impairment, or
   (III) experiencing deteriorating physical or mental health because of

---

[16] 18 U.S.C. § 3582(c)(1)(A); *Hilon*, 2021 WL 4163567, at *1.
[17] U.S.S.G § 1B1.13.
[18] *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021); *see also Hilon*, 2021 WL 4163567, at *2.

Document Number: 70006                                                                  Page 4 of 10

the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.[19]

In Defendant's request, he alleges that a sentence reduction is appropriate "in light of [his] age[,]...the closeness of the January 17, 2021, two-thirds release date, and considering his mother...who is now 62 years of age, and her many and complicated health conditions."[20] Arguably, Defendant's age falls within the Commission's policy statement regarding the medical condition of the defendant or deteriorating physical or mental health because of the aging process. However, the Defendant failed to allege that: (1) he is suffering from a terminal illness; (2) he is suffering from a serious physical or medical condition or a serious functional or cognitive impairment; or (3) that his

---

[19] *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)(emphasis added).
[20] Rec. Doc. No. 266-1, p. 2.

deteriorating physical or mental health diminishes his ability to provide self-care within the correctional facility.[21] Therefore, the Defendant's age alone – without any demonstrated medical condition, physical or mental – is insufficient to be considered an extraordinary and compelling reason for early release.[22]

Notably, the care of Defendant's aging mother may fall within the category of family circumstances. In the Commission's policy statement, the supporting reasons for a sentence reduction for family circumstances include: (1) the death or incapacitation of the caregiver of the defendant's minor child or minor children; and (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.[23] Here, assuming the family circumstances category could be extrapolated to include a prisoner's mother, Defendant has provided evidence of medical conditions from which his mother suffers;[24] however, Defendant offers no medical determination that his mother requires outside care, and he fails to allege that: (1) his siblings are incapacitated; (2) his siblings are unable to oversee his mother's care; or (3) that an independent caregiver cannot be hired to assist his mother.[25] Moreover, Defendant's proposed "Home Plan," presented to the Warden, states that "[m]y mom will take full responsibility for my support and medical issues that need to be addressed."[26] This statement implies that Defendant's mother will see to *his*

---

[21] U.S.S.G § 1B1.13.
[22] *See United States v. Douglas*, 2020 WL 2319693, at *2 (M.D. La. 5/11/2020) (rejecting Motion for Compassionate Relief because defendant offered "no evidence of any medical conditions which render his health needs an extraordinary or compelling reason for his immediate release").
[23] U.S.S.G § 1B1.13.
[24] Rec. Doc. No. 266-3.
[25] *See United States v. Crandle*, 2020 WL 2188865, at *4 (M.D. La. 5/6/2020) (explaining that in the defendant's motion for compassionate release, he failed to provide evidence that he is the only person who could care for his parents and that he would be able to do so if released).
[26] Rec. Doc. No. 266-7.

medical care, which undermines his argument that she is completely incapable of caring for her own medical needs.

Finally, Defendant argues that, because he has served more than two-thirds of his sentence, he should be granted compassionate release.[27] Defendant cites no authority to support the proposition that serving more than two-thirds of his sentence constitutes an "extraordinary and compelling circumstance" envisioned by the statute. In the Court's view, there is nothing extraordinary about a prisoner serving his sentence. Rather, serving most of his sentence makes Defendant *eligible* for compassionate release, it is not an extraordinary and compelling reason *warranting* his release. Indeed, Application note 1 informs under what circumstances serving 75 percent of one's sentence is relevant to this determination:

> The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.[28]

Thus, serving more than two-thirds of his sentence is irrelevant to the determination of whether Defendant has presented extraordinary and compelling reasons because the other factors have not been established.

### C.     Section 3553(a) Factors

Even if Defendant had demonstrated extraordinary and compelling circumstances, the Court is still bound to consider the sentencing factors set forth in 18 U.S.C. § 3553(a),[29] which include: (1) the nature and circumstances of the offense and the history

---

[27] Rec. Doc. No. 266-1, p. 2.
[28] Sentencing Guidelines policy statement, § 1B1.13.
[29] *Shkambi*, 993 F.3d at 393; *see also United States v. Hossley*, 2021 WL 4314582, at *2 (M.D. La. 9/22/2021).

and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentence available; (4) the kinds of sentence and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.[30]

For example, in *United States v. Chambliss*, the Fifth Circuit affirmed a district court's denial of a sentence reduction for a defendant who was terminally ill with advanced stage liver cancer.[31] The defendant was convicted of trafficking methamphetamine and was sentenced as a career offender to concurrent prison sentences of 360 and 240 months.[32] The Fifth Circuit concluded that the district court did not abuse its discretion in denying the sentence reduction after assessing the Section 3553(a) factors because requiring the defendant to serve the remainder of his sentence would "provide just punishment for the offense" and "afford adequate deterrence to criminal conduct."[33] Ultimately, the Fifth Circuit agreed with the district court's reasoning that the defendant's "severe conduct, [] serious drug crime, and [] criminal history, which included aggravated robbery" warranted the denial of a sentence reduction.[34]

Turning to the present case, according to his Pre-Sentence Investigation Report ("PSR"), Defendant was the "organizer or leader" of a drug-trafficking organization that

---

[30] 18 U.S.C. § 3553(a)(1-7).
[31] 948 F.3d 691, 692 (5th Cir. 2020).
[32] *Id.*
[33] *Id.* at 694.
[34] *Id.* at 693-694.

used firearms in furtherance of the drug-trafficking organization.[35] Upon Defendant's arrest, multiple guns were seized during the raid of the house where Defendant was located.[36] Defendant was found hiding in the attic of the house, where he threw a gun into the insulation in an attemp to hide the weapon.[37] Additionally, during the raid, one of Defendant's accomplices fired multiple shots at the officers, injuring two.[38] Moreover, the Defendant has been arrested at least a dozen times as an adult for offenses including: possession with intent to distribute controlled substances; possession of narcotics; armed robbery; possession of a stolen vehicle; and resisting arrest.[39] The Defendant has also received numerous citations including: noise ordinance violations; contributing to the delinquency of a minor; and simple battery.[40]

The Defendant's charge of conspiracy to possess and distribute controlled substances is a nonviolent crime; however, Defendant was also charged with possession of a firearm in furtherance of drug trafficking.[41] The circumstances surrounding the arrest demonstrate the danger this Defendant poses to law enforcement and the public at large. Although Defendant did not shoot at the officers, his accomplices fired and injured two police officers. Further, Defendant has a vast criminal record, including an armed robbery charge, which the Fifth Circuit in *Chambliss* viewed as a serious offense.[42]

Finally, the "need for the sentence imposed" is high, and Defendant serving the remainder of the sentence will reflect the seriousness of the offense, deter criminal

---

[35] Rec. Doc. No. 148, p. 31-32, 43.
[36] *Id.* at p. 82.
[37] *Id.*
[38] *Id.* at p. 52-81.
[39] *Id.*
[40] *Id.*
[41] Rec. Doc. No. 266-1, p. 1.
[42] *Chambliss*, 948 F.3d at 694.

conduct, and protect the public from Defendant committing additional crimes.[43] Ultimately, based on the Sentencing Commission's guidance, the nature of the offense, the criminal history of the Defendant, and the need for the sentence imposed, the Section 3553(a) sentencing factors weigh against Defendant's requested relief.

## III.  CONCLUSION

For the foregoing reasons, Defendant's *Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (c)(1)*[44] is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on November 22, 2021.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[43] 18 U.S.C. 3553(a).
[44] Rec. Doc. No. 266.